OPINION
This appeal arises from a decision of the Mahoning County Court of Common Pleas to grant summary judgment to Appellee, Metropolitan Property Casualty Insurance Company, on Appellant, George Seals Jr. "s uninsured motorist claim. Appelee is Appellant's own insurer. For the reasons which follow, we reverse and remand the matter to the trial court.
On March 3, 1994, Appellant was the driver of an automobile involved in an accident with Demott McKelley. McKelley's insurance policy provided a $50,000 per person coverage limit. Apellee provided Appellant with $50,000 in underinsured motorist (UIM) coverage. Appellant filed suit against McKelley and Appellee, eventually settling his claim against McKelley at the coverage limit of his insurance and dismissing him from suit, leaving his UIM claim against Appellee for trial.
In July of 1997, Appellee filed a motion for summary judgment arguing that, as there was no issue of material fact, it was entitled to judgment. Appellee claimed that R.C. § 3937.18(A) (2), as amended by Am.Sub.S.B. 20 on October 20, 1994, operated to preclude Appellant from coverage. The trial court granted summary judgment to Appellee, based upon this statutory enactment and on Ross v. Farmers Ins. Group of Cos.
(Jan. 10, 1997), Montgomery App. No. 15865, unreported (hereafter, Ross I). Essentially, the trial court held that pre-amendment, Appellant could pursue a UIM claim against Appellee even though both he and the tortfeasor had the same limits of insurance coverage, so long as Appellant's damages exceeded these limits. See, Savoie v. Grange Mut. Ins. Co.
(1993), 67 Ohio St.3d 500. The amendment to the statute removed this ability to "stack" insurances, providing instead that the tortfeasor's insurance coverage would be offset from one's own UIM coverage. If coverages were equal, then no recovery could be obtained from one's own UIM policy.
At issue was the application of the new law. Appellant argued that the pre-amendment law should apply to allow suit and Appellee argued that the setoffs should apply. Ultimately, the trial court found that Ross I applied, which held in part that as a UIM claim does not ripen until the claimant exhausts the torfeasor's policy, this date of exhaustion of coverage operates to determine which version of R.C. § 3937 applies. Applying Ross I, the trial court found that the setoff barred recovery to Appellant.
Subsequently, the Ohio Supreme Court reviewed the Ross decision. In Ross v. Farmers Ins. Group of Cos. (1998), 82 Ohio St.3d 281
(Ross II), the Court disagreed with the appellate court's determination as to the manner in which to apply the setoff amendments. Ross II held that the law as it stood on the date on which the parties to an insurance contract entered into that insurance contract applies to decide the limits of UIM coverage. Thus, if UIM coverage was contracted-for preamendment, Savoie applies to determine the parties' rights and there is no setoff bar. If the parties contracted for UIM coverage after the effective date of the amendment, then setoffs apply to bar suit.
In the matter at hand, the record appears to reflect that the insurance contact was entered into on October 23, 1993, a date which preceded the statutory amendments to R.C. § 3937.18. Appellee has filed a document with this Court, entitled, "Appellee's Acknowledgement of Controlling Authority" where it concurs that Ross II is the controlling law in this matter. Essentially, Appellee is conceding that the setoff amendments do not apply to this matter, or at least that the summary judgment granted to Appellee was improper. On this basis, the decision of the trial court must be reversed and the matter remanded to the lower court for a determination pursuant to this Opinion.
Donofrio, J., concurs.
Cox, P.J., concurs.
APPROVED:
 _______________________ CHERYL L. WAITE, JUDGE